# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:13-cv-00032-RLV-DSC

| | |
|---|---|
| DAVID NOVAK, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| JENNIFER JO COBB, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff Novak's Motion for a Temporary Restraining Order and Preliminary Injunction, filed February 21, 2013. (Doc. 2.)

Pursuant to Federal Rule of Civil Procedure 65(b), the Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if, in addition to other requirements, "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Such orders, while necessary in certain circumstances, "should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974). Following the movant's satisfaction of Rule 65(b)'s "stringent restrictions," *Id.* at 438, the substantive standard to be applied is identical to the standard for entering a preliminary injunction, *see, e.g.*, *Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying the preliminary-injunction standard to a request for a temporary restraining order). Accordingly, Plaintiff bears the burden of establishing that the

1

following factors, on appropriate balance, support granting the preliminary relief requested: (1) the likelihood of irreparable harm to Plaintiff in the absence of preliminary relief; (2) the likelihood of harm to Defendant should the requested relief be granted; (3) the likelihood of Plaintiff's success on the merits; and (4) the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (noting what the plaintiff must establish to receive preliminary relief); *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (deeming the first two factors of greater importance).

Plaintiff claims that Defendant Cobb has misappropriated the business funds of JJC Racing, LLC, a corporation allegedly formed and owned wholly and in equal shares by the parties. Plaintiff claims that Defendant has removed funds from the JJC bank account for her own personal use in the amount of $237,618.55 from 2010 through 2012. Plaintiff further claims that Defendant has removed a trailer from Plaintiff's warehouse without his consent or awareness; has filed misleading documents with the Kansas Secretary of State, which indicate that she is the only member who owns at least five percent of JJC racing; and has requested certain information from an accountant regarding JJC Racing to aid her in refinancing her home. In light of these claims, Plaintiff requests that Defendant be barred from acting on behalf of JJC Racing; be ordered to return the funds; be ordered to correct the documents filed with the Kansas Secretary of State; be barred from providing any information or funds of JJC Racing to refinance her personal residence; be directed to refrain from commingling JJC Racing funds with her personal funds; and be barred from destroying or concealing JJC Racing property.

Plaintiff has here failed to prove "a 'clear showing' of immediate irreparable harm . . . [that is] both 'actual' and 'immediate' . . . ." *Direx Israel*, 952 F.2d at 812–13 (noting further that the required magnitude of this showing, discounted by the harm the nonmovant will suffer

should injunctive relief be granted, is inversely related to the movant's likelihood of success). The alleged conversion of JJC Racing funds took place over the course of three years, and the damages described could readily be reduced to a monetary award. *See Multi–Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir. 1994) ("[G]enerally 'irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate.'" (quoting *Danielson v. Local 275*, 479 F.2d 1033, 1037 (2d Cir. 1973))). On the record thus far presented, despite Plaintiff's insistence that "[d]ue to the vagaries of litigation, the traditional litigation process will not preserve Novak's rights" (Doc. 3 at 4), Plaintiff's loss essentially "is a matter of simple mathematic calculation," and so Plaintiff has "fail[ed] to establish irreparable injury for preliminary injunction purposes," *Id.* (quoting *Graham v. Triangle Pub.*, 344 F.2d 775, 776 (3d Cir. 1965)). Additionally, it is reasonable to believe that the burden on Defendant of having to surrender such an amount before the merits are decided would be substantial.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 2) be **DENIED**. The Court here stays decision on the Motion for Preliminary Injunction. (Doc. 2.)

Signed: February 25, 2013

Richard L. Voorhees
United States District Judge