IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-cv-00032-RLV-DSC

| | |
|---|---|
| DAVID NOVAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM & ORDER** |
| ) | |
| JENNIFER JO COBB, and ) | |
| GOLIATH MOTORSPORTS, LLC ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Jennifer Jo Cobb's ("Cobb") Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), filed with this Court on May 16, 2013. (Doc. 20). Defendant Cobb filed a Memorandum in Support on May 16, 2013. (Doc. 21). Plaintiff David Novak ("Novak") filed a Memorandum in Opposition on June 3, 2013. (Doc. 23). Defendant Cobb filed a Reply on June 16, 2013. (Doc. 24).

## I.   STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). "[S]ubject matter jurisdiction goes to the very power of the court to act." *South Carolina Dept. of Disabilities and Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 303 (4th Cir. 2008). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a

challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The party seeking to adjudicate a matter in federal court bears the burden of demonstrating to the court that jurisdiction lies. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh*, 546 U.S. at 514. Where jurisdiction is doubtful, the proper course of action is to dismiss or remand the case. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

## II.  BACKGROUND

The procedural posture and facts of this proceeding provide the background necessary for disposition of the jurisdictional issue before the Court.

A. Procedural Posture

Novak filed the Complaint (Doc. 1), and a Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 2), on February 2, 2013. This Court issued an order, filed February 25, 2013, Denying the Motion for a Temporary Restraining Order and staying the decision on the Motion for a Preliminary Injunction. (Doc. 5). On February 28, 2013, Cobb was served with the Complaint. (Doc. 6). On April 4, 2013, Cobb filed a Motion to Dismiss pursuant

to Rules 12(b)(1),[1] 12(b)(7), and 19[2] of the Federal Rules of Civil Procedure. (Doc. 12). Cobb's Motion to Dismiss included an alternative request for a stay of the proceedings pending the outcome of a suit between the parties in the District Court of Wyandotte County, Kansas, Case No. 13CV446. (Doc. 12).

As stated in the footnote, on April 18, 2013, pursuant to Rule 15(a), Novak filed an Amended Complaint, joining Goliath Motorsports, LLC ("Goliath") as a Defendant. (Doc 14). On May 16, 2013, Cobb filed a second Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of Subject Matter Jurisdiction.[3] (Doc. 20). This second Motion to Dismiss is the one now addressed. It is ripe for adjudication.

B. Facts

At the direction of Novak and Cobb, attorney James Voigt filed articles of organization with the Secretary of State of Kansas creating JJC Racing, LLC ("JJC Racing") on January 12, 2010.[4] (Doc. 16-1 at 5). James Voigt then prepared a draft operating agreement for JJC Racing establishing Novak and Cobb as the sole managers and members of JJC Racing with the ownership divided equally as "500 Units" each. (Doc. 2-12). However, neither Novak nor Cobb

---

[1] Cobb contends in this motion that, within the ambit of Rule 12(b)(1), the abstention doctrine requires dismissal of this action because the parties in this matter are also parties to a pending suit in the District Court of Wyandotte County, Kansas, Case No. 13CV446. Cobb argued that Kansas state court is the proper forum for adjudication of all issues arising from the facts and circumstances which formed the basis for the suit filed by Novak in this Court.

[2] Cobb's basis for this motion was that, pursuant to Rules 12(b)(7) and 19, this matter should be dismissed for failure to join a necessary and indispensable party - Goliath Motorsports, LLC ("Goliath"). Goliath was subsequently added as a party defendant by way of Novak's amended complaint, filed on April 18, 2013. (Doc. 14). Goliath is a limited liability company formerly named JJC Racing, LLC. Novak and Cobb were founding members and managers of JJC Racing, LLC.

[3] This Motion to Dismiss also included an argument for the application of the abstention doctrine pursuant to *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). Cobb requested dismissal or a staying of this proceeding on this basis. (Doc. 21).

[4] This document provides only the name of James Voigt as the organizer of the limited liability company and makes no mention of the structure or ownership of JJC Racing.

ultimately signed the document. Nevertheless, this Court finds that the management and ownership shown in the draft operating agreement accurately reflects that of JJC Racing as it came into being.

Kansas law provides that membership in an LLC is established as of the time the LLC is created in accordance with the operating agreement, which may be oral or written. K.S.A. 17-7686(a); K.S.A 17-7663(g). No signed agreement has been produced but documents submitted to this Court establish the existence of an oral operating agreement providing equal ownership for Novak and Cobb as members and managers of JJC Racing.[5] (Doc. 2-5 at 2) (Doc. 2-6 at 1) (Doc. 2-13 at 1, 5). This oral operating agreement is not in dispute and is further evidenced by documents filed with the Internal Revenue Service by Cobb in 2010 and 2011.[6] (Doc. 2-3 at 15) (Doc. 2-4, at 19).

On January 2, 2013, Novak posted a press release entitled, "Statement From Dave Novak on Parting Ways with Jennifer Jo Cobb." [7] (Doc. 16-1). One month later, on February 2, 2013,

---

[5] These documents are the affidavits of David Novak, James Voigt (organizer of JJC Racing), and Alecia Staniszewski (JJC Racing's accountant). Each affidavit states that an agreement had been established between David Novak and Jennifer Cobb providing equal ownership for the parties as members and managers.

[6] In these filings, Jennifer Cobb explicitly states that JJC Racing is owned by David Novak and Jennifer Cobb in 50% shares. Although Cobb also filed annual reports with the Kansas Secretary of State on July 7, 2011, and May 8, 2012, identifying herself as the only substantial member of JJC Racing, (Doc. 2-6, at 2, ¶¶ 14; 15), and told Staniszewski she was the sole membership owner of JJC Racing, (Doc. 2-13, at, ¶ 14), these outlying facts are not reliable indications of actual ownership in light of the strong evidence supporting 50-50 ownership between Novak and Cobb at the inception of the LLC.

[7] The press release was posted in the Truck Series section of the automobile racing website Catchfence (http://www.catchfence.com/2013/truckseries/01/02/statement-from-dave-novak-on-parting-ways-with-jennifer-jo-cobb/). The press release stated:

> I, David Novak, an owner of JJC Racing, am announcing that I have severed ties, both personally and professionally, with Jennifer Jo Cobb as of December 2nd, 2012.
>
> Additionally let it be known that I am not responsible for any financial contracts, commitments, debts or negotiations or any other aspects pertinent to JJC Racing that were initiated, negotiated or finalized by anyone other than myself.

Novak filed his complaint in the instant case against Cobb. On March 9, 2013, Cobb filed a name change amendment with the Secretary of State of Kansas purporting to change JJC Racing, LLC to Goliath Motorsports, LLC. (Doc. 16-1). The application was granted. On April 4, 2013, Cobb filed suit against Novak in the District Court of Wyandotte County, Kansas.[8] (Doc. 13-2). On April 18, 2013, Novak amended his Complaint herein to add Goliath Motorsports, LLC as a second Defendant.

C. Arguments of the Parties

In the Motion to Dismiss, Cobb argues that the amended complaint filed by Novak, joining Goliath as a Defendant, destroys the subject matter jurisdiction of this Court because diversity no longer exists, as required by 28 U.S.C. § 1332.

Cobb contends that, as a limited liability company ("LLC"), Goliath possesses the citizenship of each member of the LLC, namely Novak as a citizen of Illinois, and Cobb as a citizen of Kansas. (*Id*.). Because Novak and Cobb remain as members of Goliath, one side of the case – Novak of Illinois – is not completely diverse from the other side – Cobb of Kansas and Goliath of Illinois and Kansas, thereby, destroying diversity for purposes of § 1332.

---

Unfortunately differences of opinion and business practices, by others than myself, have resulted in these decisions but I am committed to continuing the excellent professional contacts, reputation and integrity that I have developed and maintained for many years.

David Novak
JJC Racing
Mooresville, NC /Chicago

(Doc. 16-1 at 2).
[8] Cobb instituted this suit, in her individual capacity and on behalf of Goliath, alleging breach of fiduciary duty by Novak and seeking declaratory judgment as to the rights, status, and legal relations of the parties.

Novak claims that because he never consented to the name change of JJC Racing to Goliath Motorsports, Goliath is a new limited liability company of which he is not a member. (Doc. 23 at 2). As a consequence, Novak argues, Goliath's presence as an opposing party in this case does not destroy diversity.[9]

### III. DISCUSSION

To invoke subject matter jurisdiction based upon diversity jurisdiction the matter in controversy must exceed $75,000, exclusive of interest and costs, and the citizenship of each plaintiff must be diverse from the citizenship of each defendant. 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996). The amount in controversy is sufficient herein, but Plaintiff has not established that jurisdiction exists based on diversity of citizenship.

An LLC is treated the same as a partnership for § 1332 citizenship purposes. The LLC's citizenship is the same as that of each of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of . . . each of its members.") (citations omitted); *General Tech Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 212 (4th Cir. 2004) ("We start with the citizenship of the various parties. EXG [,LLC] has the citizenship of its members: Columbia, South America, and Virginia."). Novak of Illinois has sued Cobb of Kansas and Goliath of Kansas and Illinois. No matter how the parties are aligned, complete diversity is not present as required by § 1332.

---

[9] Additionally, Novak alleges that Cobb has put forth conflicting arguments regarding the legal effect of the aforementioned press release posted by Novak. (Doc. 23 at 2).

Novak amended his complaint to join Goliath as a defendant. (Doc. 14). Goliath is the same LLC as the LLC formerly known as JJC Racing and the Court has found that JJC Racing was created with two members: David Novak and Jennifer Cobb. (Doc. 14 at 2, ¶¶ 6, 9) (Doc. 22 at 1-2, ¶¶ 6, 9). Both Novak and Cobb remain as members because neither has taken action that would eliminate his or her membership interest in JJC Racing. The name change approved by the Secretary of State of Kansas has not been set aside. Novak has not shown that in legal effect the LLC entity currently represented in this case by the name Goliath does not continue to have as its members Novak and Cobb. Cobb argues that when Novak issued the press release, in legal effect he resigned from management of JJC Racing and became under Kansas law an assignee of the company. The press release cannot be said to be such a resignation, however under any theory noted in the record of this issue. Moreover, Novak cites no authority for the proposition that the name change resulted in the creation of a new LLC (separate from JJC Racing) of which he was not a member, specifically Goliath.

As noted above, on January 2, 2013, Novak posted on the internet the apparent press release or attempted legal notice entitled "Statement from David Novak on Parting Ways with Jennifer Jo Cobb." He provides no statutory or case law authority giving this act any particular legal effect or any effect relevant to the jurisdictional question before this Court. In the text, he announces severance of personal and professional ties with Cobb. He disclaims any continuing obligation arising from his connection with JJC Racing unless it had been concluded by him personally. He does not purport to preempt any ongoing or future actions of JJC Racing undertaken by him. There is no mention of resignation by him as a member of the LLC. Rather, Novak asserts his own status as "an owner of JJC Racing." There is no mention of a change in

Cobb's status as a member of the LLC. The statement thus had no effect on the equal split of ownership interests between Novak and Cobb.

Novak's contention that Cobb has made conflicting arguments as to the effect of the press release does not alter the analysis of the jurisdictional issue. Cobb argues that Novak's press release constituted a resignation from management of JJC Racing, allowing her, as sole manager, to change the name of the LLC to Goliath. [10] Cobb does not cite any law in support of this contention, which the Court rejects. The word "resignation" does not appear in the statement, nor does the document state what is resigned from. In any event, as a member and manager, Cobb had ostensible authority to change the name and did so without any boost from the press release. Goliath, therefore, retains the same citizenship attributes for diversity purposes as it had as JJC Racing.

Subject matter jurisdiction is a threshold matter that the court must independently consider and investigate before it reaches any consideration of the merits of the proceedings at issue. *Jones*, 192 F.3d at 422. The burden of proof is on the plaintiff seeking relief in federal court, and Novak has not met this burden on these facts. *Strawn*, 530 F.3d at 296.

### IV.    ORDER

For these reasons, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) is hereby **GRANTED**. (Doc. 20). Because this Court lacks subject matter jurisdiction over Plaintiffs' causes of action, Defendant's other Rule 12 Motions and Plaintiff's Motion for Preliminary

---

[10] Novak argues that Cobb's position that Novak resigned as a member and became a mere assignee of the LLC would be inconsistent with her contention that his residual presence as a member from Illinois is what destroys diversity. (Doc. 23 at 3). However, she does not say he resigned as a member, but as a manager. In any event, a reading of the document does not support the notion that he was resigning at all, or if resigning, that he was resigning from a particular status within the LLC.

Injunction are not properly before this Court, and they are hereby **DISMISSED** as **MOOT**. (Docs. 2, 12).

Signed: October 17, 2013

Richard L. Voorhees
United States District Judge